*Court of Common Pleas, Dauphin County, August 11th,* 1859.

### COOPER *v.* MAGLAUCHLIN ET AL.

A formal defect in a summons is waived, if the party does not object to it at the earliest possible time when the court is in session.

BY THE COURT.—An application has been made to set aside the judgment and all the proceedings founded thereon, including the *fi. fa.,* inquisition and *ven. ex.,* on the ground that the service of the summons, as appears by the sheriff's return, was defective. The sheriff returns "served personally" (on each of the defendants, giving the days) "by giving each a true and attested copy of the within writ and a *verbal notice thereof.*" The act of 1836 requires a summons to be served "by reading the same in the hearing of the defendant, or by giving him notice of its contents, and by giving him a true and attested copy thereof." The attested copy was given, but it is said that notice of the *contents* was not, but only notice of the writ. We fully concur with what was said by Judge Pettit, in Weaver *v.* Springer (2 M. 42), as to the mode of service. That case is well supported by several others decided by the Supreme Court, but that a *literal* compliance with the act is not required we find settled in Wilson *v.* Hays (6 H. 354). The return there was, "served on defendant by reading and copy." Reading what? The return does not say, but the within writ must be implied. In the present case, when the return was served personally by giving a true and attested copy of the within writ and verbal notice thereof, it may equally be implied "verbal notice of the within writ," which must almost necessarily embrace the contents. Still it would be better and safer to say "and verbal notice of the *contents* thereof." Whether the objection taken to this return is merely hypercritical or sound we are not now required to determine, as we are of the opinion that the defendants have waived it by their subsequent acquiescence. The return was made to April Term, 1858. Judgment entered on May 4th, 1858. *Fi. fa.* to January Term, 1859, placed in the sheriff's hands. The sheriff testifies that on November 17th, 1858, he called on the defendants with the *fi. fa.;* demanded payment; failed to get it; made a levy on real estate, and gave notice of the time and place of holding inquisition five days before it was held, on January 15th, 1859. After condemnation the April Term expired, and a *ven. ex.* issued to the August Term. This motion was not made until July 18th, 1859. It is the duty of the party, if dissatisfied with the manner in which an officer has performed his duty, to make his objection at the earliest day when the court is in session, especially when the objection, as in this case, is merely to matter of form. That actual notice of the pending suit was given by the attested copy

[Ritzman's Administrator v. Ritzman's Executor.]

cannot be denied. The exception might have been taken at April, August or November Term, 1858. Notice that a judgment and execution thereon existed was given by the sheriff, after which the January and April Terms transpired, besides several intermediate adjourned courts. After this delay and acquiescence the parties came into court too late, and the objection cannot now be heard. Numerous analogous cases of waiver as to more important and fatal exceptions exist in our books; and all the cases agree that there must be no lying by and slumbering over the party's rights. Even if this service were defective, the defendants have sinned away their day of grace, and cannot at this late period have the whole proceeding vacated. Had the objection been taken at the outset the plaintiff could have brought a new suit, and long ere this have recovered a regular judgment. The motion is overruled.

*Shell* and *Herr*, for plaintiff.

*Bishop*, for defendant.